[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Presently before the court is plaintiffs' motion to disqualify. The motion should be granted.
On November 19, 1993 the plaintiffs, James and Rosemary Mascia, filed an amended thirteen count complaint against attorney Joanne Faulkner and ten other non-lawyer defendants. Attorney Faulkner entered her appearance on behalf of the ten non-lawyer defendants, and retained other counsel on her own behalf. Attorney Faulkner, on November 22, 1993, filed a motion for summary judgment, on behalf of the ten non-lawyer defendants, which was granted as to counts one, three, four, six, seven, eight, nine, ten, eleven, and twelve. Of the remaining counts, counts two and five are directed solely at the defendant Faulkner, and count thirteen is directed at all of the defendants. Count two alleges subornation of perjury by Faulkner in an underlying case in which the ten non-lawyer defendants sued the Mascias. Count Five alleges CUTPA violations on the part of Faulkner in the underlying litigation, and count thirteen alleges abuse of process by all of the defendants in the same litigation. On May 4, 1994 the plaintiffs filed a motion to disqualify attorney Faulkner as counsel for the non-lawyer defendants. On May 12, 1994 the defendants filed a memorandum in opposition to the plaintiffs' motion to disqualify counsel.
The plaintiffs contend that Faulkner's status as co-defendant, counsel, and potential witness creates conflicts of interest which are in violation of rules 1.7(b) and 3.7(a) of the Rules of Professional Conduct. The defendants argue that Faulkner's testimony would be duplicative of the testimony of the other defendants, that she has vigorously defended her clients, and that this motion is merely a tactical move by the plaintiffs.
"The trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an attorney." Bergeron v. Mackler, 225 Conn. 391,397.
Disqualification of counsel is a remedy that CT Page 7165 serves to enforce the lawyer's duty of absolute fidelity. . . .In disqualification matters, however, we must be solicitous of a client's right to freely choose his counsel; mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and may lose the benefit of its longtime counsel's specialized knowledge of its operations.
(Citations omitted; internal quotation marks omitted.) Id., 397-98.
"Three competing interests are at stake in a motion to disqualify. They are the defendant's interest in protecting confidential information from disclosure. . ., the [defendants'] interest in freely selecting counsel of [their] choice, and the public's interest in the scrupulous administration of justice." (Internal quotation marks omitted.) Knights of Columbus Federal Credit Unionv. Salisbury, 3 Conn. App. 201, 204.
Rule 1.7(b) of the Rules of Professional Conduct states:
 A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyers own interests, unless:
 (1) The lawyer reasonably believes the representation will not be adversely affected; and (2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.
(Emphasis added.) Rules of Professional Conduct 1.7(b). "Except with the consent of his client after full disclosure, a lawyer shall not accept employment if the exercise of his professional judgment on behalf of his client will be or reasonably may be affected by his own financial, business, property, or personal interests." Phillips v. Warden, 220 Conn. 112, 137, quoting Code of Professional Responsibility DR 5-101 (A). Furthermore, "`loyalty CT Page 7166 is an essential element in the lawyer's relationship to a client'; that such loyalty is `impaired when a lawyer cannot consider, recommend or carry out an appropriate course of action for the client because of the lawyer's other responsibilities or interests'; and that `the lawyer's own interests should not be permitted to have adverse effect on the representation of a client.'" Id., 138, quoting Rules of Professional Conduct 1.7(b), Comments. "If the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice." Rules of Professional Conduct 1.7, Comments.
In The New Original Dave's Bagel, Inc. v. Small BusinessInstitute, 7 Conn. L. Rptr. 174, 175 the court disqualified counsel who filed suit on his own behalf and also represented clients against the same defendants stating "[a]n inherent conflict of interest is present when an attorney who has his own action pending against certain defendants also represents other parties in lawsuits against those defendants." Id., 175.
In the representation of co-defendants the rules recognize that "[a]n impermissible conflict may exist by reason of a substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question." Rules of Professional Conduct 1.7, Comments. Because these conflicts exist in the case of co-defendants, they can only be exacerbated by a co-defendant serving as counsel for the other defendants. The facts in this case are the converse of those in Dave's Bagel in which counsel and clients were plaintiffs against a common defendant, yet the conflict remains inherent in the dual roles of counsel. The conduct of Faulkner is at issue in this trial; it would at best be difficult, to provide a detached view. Furthermore, there is no representation in the defendant's objection to the motion that Faulkner's clients have consented to representation after consultation regarding possible conflicts. For the reasons that the dual roles of counsel and co-defendant create inherent conflicts of interest, in this case and the absence of informed consent of co-defendants, the defendants' motion to disqualify should be granted.
Furthermore, Rule 3.7 of the Rules of Professional Conduct provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: CT Page 7167 (1) [t]he testimony relates to an uncontested issue; (2) [t]he testimony relates to the nature and value of the legal services rendered in the case; or (3) [d]isqualification of the lawyer would work substantial hardship on the client." Rules of Professional Conduct 3.7(a). "[I]f there is likely to be substantial conflict between the testimony of the client and that of the lawyer . . . the representation is improper." Rules of Professional Conduct 3.7, Comments. "An attorney is not absolutely prohibited from testifying on behalf of a client, but should only do so when the testimony concerns a formal matter, or the need for the testimony arises from an exigency not reasonably foreseeable. EnquirePrinting Publishing Co. v. O'Reilly, 193 Conn. 370, 376.
"Whenever counsel for a client reasonably foresees that he will be called as a witness to testify on a material matter, the proper action is for that attorney to withdraw from the case." Id.
It is the responsibility of the lawyer involved to determine whether a conflict exists. Rules of Professional Conduct 3.7, Comments. "Where, however, an attorney does not withdraw, a court exercising its supervisory power can enforce the mandate of [Rule 3.7] and disqualify the attorney." Enquire Printing PublishingCo. v. O'Reilly, supra, 193 Conn. 376.
In this case the issues in question are not uncontested, they do not relate only to the nature and value of the attorney's services, and no facts have been presented regarding any hardship that disqualification would present to the defendants. That Attorney Faulkner will testify is clearly foreseeable; her testimony will necessarily involve material issues. For these reasons, Attorney Faulkner's continued representation of other defendants in this case is incompatible with the Rules of Professional Conduct 3.7(a).
Accordingly, the motion is granted and Attorney Faulkner is disqualified as counsel for the other defendants in this case.